USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JUSTICE BRUNSON,

        Petitioner,

    -against-                           07 Civ. 7579 (LAK)

DALE ARTUS,

        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Petitioner was convicted in New York Supreme Court, New York County, of one count of robbery in the first degree and four counts of robbery in the second degree and sentenced principally to concurrent sentences of 15 years imprisonment. The conviction was affirmed by the Appellate Division, and the Court of Appeals denied leave. *People v. Brunson*, 29 A.D.3d 453, 815 N.Y.S.2d 506 (1st Dept.), *leave denied*, 7 N.Y.3d 846, 823 N.Y.S.2d 775 (2006). It appears that no petition for a writ of certiorari was filed in the United States Supreme Court. He now seeks a writ of habeas corpus alleging that he was deprived due process of law by the admission of an identification that was the product of an allegedly suggestive lineup.

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may not be granted when a claim in State court was adjudicated on the merits, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law" or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Court. *Id.* at 405. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal rule . . . but unreasonably applies it to the facts" of a particular case or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

2

Petitioner argues the lineup was unduly suggestive because his complexion was lighter than the other lineup participants' and that admitting evidence of the resulting identification deprived him of due process of law. The suppression court, after considering pictures of the lineup participants, concluded that the lineup did not signal to the witness which lineup participant to identify. The Appellate Division upheld the decision, concluding that the "record supports the court's finding that the lineup was not unduly suggestive, and fails to support defendant's assertion that he was the only lineup participant who met the victim's description." *People v. Brunson*, 29 A.D.3d 453, 815 N.Y.S.2d 506 (1st Dept. 2006).

Under Supreme Court precedent, admission of identification evidence does not violate a defendant's due process right unless, considering all of the circumstances, there is a "very substantial likelihood of irreparable misidentification." *Manson v. Braithwaite*, 432 U.S. 98, 110-14 (1977); *Neil v. Biggers*, 409 U.S. 188, 198-200 (1972). In this case, the circumstances of the identification did not create a substantial likelihood of irreparable misidentification. Therefore, the challenged decision is not contrary to or an unreasonable application of Supreme Court precedent.

The petition is denied in all respects. The Clerk shall close the case. As no substantial question is presented, the Court denies a certificate of appealability and certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: March 5, 2008

Copies mailed 3/5/08
Chambers of Judge Kaplan
LBD

_____
Lewis A. Kaplan
United States District Judge